1  PHILIP H. LO, STATE BAR # 178538
   plo@lynberg.com
2  NICOLE M. CHARNEY, STATE BAR # 251356
   ncharney@lynberg.com
3  LYNBERG & WATKINS, A Professional Corporation
   888 South Figueroa Street, 16th Floor
4  Los Angeles, California 90017-5449
   Telephone:  (213) 624-8700 | Facsimile:  (213) 892-2763
5
   Attorneys for Plaintiff CLK GROUP, INC.
6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                     WESTERN DIVISION

10

11
   CLK GROUP INC., a California          Case No. 2:15-cv-04348
12 corporation,
                                         **COMPLAINT FOR:**
13            Plaintiff,
                                         1. **FRAUDULENT TRADEMARK**
14      vs.                                 **REGISTRATION**
                                         2. **CANCELLATION OF**
15 AI CHAUG INVESTMENT LIMITED,             **TRADEMARK**
   a Hong Kong limited liability company; 3. **TRADEMARK**
16 ZUOWEI LIN, an individual;               **INFRINGEMENT**
   ZHAO YANG, an individual;            4. **UNFAIR COMPETITION**
17 RUOBING ZHOU, an individual; and
   DOES 1-10, inclusive,
18                                       **DEMAND FOR JURY TRIAL**
              Defendants.
19

20

21       Plaintiff CLK GROUP, INC. for its Complaint alleges as follows:

22

23

24

25

26

27

28

**COMPLAINT**

## THE PARTIES

1.      Plaintiff CLK GROUP, INC. ("Plaintiff" or "CLK") is, and at all times relevant herein was, a corporation duly organized and existing under the laws of the State of California and having its principal place of business in the City of Industry, in the County of Los Angeles, California.   Plaintiff is the owner of the trademarks, NakedShield and SkinGuardz.

2.      Plaintiff is informed and believes and based thereon alleges that Defendant AI CHAUG INVESTMENT LIMITED ("Ai Chaug") is, and at all times relevant herein was, a limited liability company duly organized in The Hong Kong Special Administrative Region of the People's Republic of China, and doing business worldwide, including the State of California.

3.      Plaintiff is informed and believes and based thereon alleges that Defendant ZUOWEI LIN ("Lin"), is, and at all times relevant herein was, an individual residing in Hong Kong, and doing business worldwide, including the State of California.  Plaintiff is further informed and believes and based thereon alleges that Lin is a principal of Ai Chaug, and that he has directed the activities of Ai Chaug, as alleged below.

4.      Plaintiff is informed and believes and based thereon alleges that Defendant ZHAO YANG ("Yang"), is, and at all times relevant herein was, an individual residing in Hong Kong, and doing business worldwide, including the State of California.  Plaintiff is further informed and believes and based thereon alleges that Yang is a principal of Ai Chaug, and that he has directed the activities of Ai Chaug, as alleged below.

5.      Plaintiff is informed and believes and based thereon alleges that Defendant RUOBING ZHOU ("Zhou") is, and at all times relevant herein was, an individual residing in the State of Tennessee, and doing business worldwide, including the State of California.

6.      The true names and capacities, whether individual, corporate, associate

or otherwise of defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff at this time.  Plaintiff will amend this complaint when the same become fully ascertained.

7.      Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, all defendants herein, whether named or fictitiously designated, were the agents, servants, employees, joint venturers, and/or the alter egos of each of the remaining defendants, and that the acts of each defendant were within the course and scope of their agency, service and employment and were undertaken with the permission, consent, and/or ratification of each other defendant.

8.      Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, all defendants conducted business within this District and may be found in this District.  From this point forward, Defendants Ai Chaug, Lin, Yang, Zhou, and Does 1-10 shall be referred to collectively as "Defendants".

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves claims arising under the Lanham Act.  This Court also has original jurisdiction over this action under 15 U.S.C. § 1338(b) in that it asserts a claim for unfair competition that is joined with a substantial and related trademark claim.  This court has supplemental jurisdiction over the non-federal claims set forth herein under 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

10.      Venue in the Central District of California is proper because substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and because Defendants are subject to the Court's personal jurisdiction with respect to this action in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.    CLK's Trademark Rights**

11.    Since at least as early as 2005, CLK has used and has used in interstate commerce the NakedShield and SkinGuardz trademarks in connection with the marketing and sale of cellphone cases and other cell phone accessories through internet retailers including, but not limited to, Amazon and eBay.

12.    Since at least as early as 2005, CLK has used the symbol ™ in connection with its NakedShield and SkinGuardz trademarks to signify its trademark rights in these marks.

13.    Over the past ten (10) years, CLK has expended significant time, money, and effort to establish public recognition of its NakedShield and SkinGuardz trademarks as identifying them as the source of high quality cellphone accessories and customer service.  CLK has used its NakedShield and SkinGuardz trademarks in advertising and promoting its sale of these goods continuously in interstate commerce through the World Wide Web.  As a result of these efforts, CLK has established substantial consumer recognition of the NakedShield and SkinGuardz trademarks and good will, and the subject trademarks have become some of CLK's most valuable assets.

**B.    Defendants' Fraudulent Trademark Registration**

14.    Nearly ten (10) years after CLK's first use and sale of its NakedShield and SkinGuardz trademarks in interstate commerce, on or about July 16, 2014, Defendants filed an application for federal trademark registration of CLK's NakedShield trademark, Serial No. 86338308 (a true and correct copy of the Trademark/Service Mark Application, Principal Register, is attached hereto as **Exhibit A**), and an application for federal trademark registration of CLK's SkinGuardz trademark, Serial No. 86338320 (a true and correct copy of the Trademark/Service Mark Application, Principal Register, is attached hereto as **Exhibit B**), with the United States Patent and Trademark Office (the "USPTO").

Defendants' NakedShield and SkinGuardz trademark applications shall hereinafter and collectively be referred to as the "Trademark Applications".

15. Defendant Ai Chaug is listed as the applicant and owner of the marks in the Trademark Applications; Defendant Zhou is listed as the applicant's correspondent in the Trademark Applications; Defendant Lin is listed as the authorized signatory to the NakedShield trademark application; and Defendant Zhao Yang is listed as the authorized signatory to the SkinGuardz trademark application.

16. In the Trademark Applications, Defendants represented that the NakedShield and SkinGuardz trademarks were first used at least as early as March 18, 2008, and first used in commerce at least as early as March 18, 2008, and are now in use in such commerce.

17. In the Trademark Applications, Defendants represented that the NakedShield and SkinGuardz trademarks are used in commerce in connection with the following class of goods:

> Portable telephones; Video telephones; Earphones; Batteries, electric; Chargers for electric batteries; Cases for telephones; Beeper carrying cases; Cell phone straps; Satellite navigational apparatus; Global Positioning System (GPS) apparatus; Fitted plastic films known as skins for covering and providing a scratch proof barrier or protection for electronic devices, namely, MP3 players, mobile telephones, smart telephones, digital cameras, global positioning systems and personal digital assistants; Cell phone cases."

18. Defendant Lin signed the following declaration to the application for federal registration of the NakedShield trademark:

> The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the

applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. **The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive.** The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true. (Emphasis added.)

On information and belief, Defendant Lin, a principal of Defendant Ai Chaug, signed such declaration on record with the USPTO as to the NakedShield mark despite his actual knowledge of the existence of CLK's earlier identical mark on similar goods and in violation of 15 U.S.C. § 1120.

19.     Defendant Yang signed the same above-cited declaration to the application for federal registration of the SkinGuardz trademark.  On information and belief, Defendant Yang,  a principal of Defendant Ai Chaug, signed such declaration on record with the USPTO as to the SkinGuardz mark despite his actual knowledge of the existence of CLK's earlier identical mark on similar goods and in violation of 15 U.S.C. § 1120.

20.     On or about March 24, 2015, Defendants obtained federal trademark registration of the NakedShield trademark, US Registration No. 4707334 (a true and correct copy of the Registration Certificate is attached hereto as **Exhibit C**), and federal trademark registration of the SkinGuardz trademark, US Registration No. 4707336 (a true and correct copy of the Registration Certificate is attached hereto as **Exhibit D**).

21.     On information and belief, Defendants sought the aforementioned registrations with full knowledge of CLK's prior, continuing, and identical marks on confusingly similar goods in interstate commerce.

22.     On information and belief, Defendants, in making said representations to the USPTO, intended to deceive the USPTO, and as a consequence, did in fact deceive the USPTO, and were subsequently issued federal trademark registrations that they would not otherwise have been issued but for their intentional misrepresentations and omissions.  On information and belief, Defendants are continuing at this time to engage in this nefarious activity.

**C.     CLK's Discovery of Defendants' Fraudulent Trademark Registration**

23.     In or around March 2015, CLK first became aware that Defendants applied for and obtained federal registration of CLK's prior, continuing, and identical NakedShield and SkinGuardz trademarks on similar goods in connection with the marketing and sale of, *inter alia*, cellphone cases and cellphone accessories.

24.     At no time has CLK authorized Defendants, directly or indirectly, to use or adapt CLK's NakedShield and SkinGuardz marks in connection with any good or service, commercial or otherwise.

25.     Defendants' use of the NakedShield and SkinGuardz trademarks in connection with the marketing and sale of, *inter alia*, cellphone cases and cellphone accessories directly competes with the marketing and sale of CLK's cellphone cases and cellphone accessories and are sold in overlapping channels of trade.  Defendants' registration and use of the NakedShield and SkinGuardz trademarks in connection with the marking and sale of said products is likely to cause consumer confusion as to the source or sponsorship of Defendants' goods.

26.     On or about April 3, 2015, CLK sent a cease and desist letter to Ai Chaug c/o Ruobing Zhou demanding, *inter alia*, that Defendants cease all use of the infringing NakedShield and SkinGuardz trademarks, and that Defendants cancel their trademark registration of each mark.  Specifically, CLK requested that

1  Defendants provide the following no later than April 13, 2015: a written assurance

2  that Defendants will cease using the infringing NakedShield and SkinGuardz

3  trademarks and any other trademark and/or logo that is likely to cause confusion with

4  CLK's trademarks; and evidence that demonstrates that Ai Chaug has canceled its

5  trademark registration at the USPTO.  CLK did not receive a response from any

6  Defendants.

### FIRST CLAIM FOR RELIEF

**(Against All Defendants for False or Fraudulent Trademark Registration Under 15 U.S.C. § 1120)**

10      27.     CLK repeats, re-alleges and incorporates by reference each and every

11  allegation set forth in all preceding paragraphs as though fully set forth herein.

12      28.     As set forth above, Defendants applied for and obtained two federal

13  trademark registrations based on identical renditions of CLK's earlier NakedShield

14  and SkinGuardz trademarks.

15      29.     On information and belief, Defendants sought the aforementioned

16  registrations with full knowledge of CLK's prior, continuing, and identical marks on

17  confusingly similar goods in interstate commerce.

18      30.     On information and belief, Defendants, with actual knowledge of

19  CLK's prior, continuing, and identical marks on confusingly similar goods in

20  interstate commerce, intentionally did not report such to the USPTO, despite a clear

21  obligation to do so under 15 U.S.C. § 1051(a) (3)(D).  Specifically, applicants for

22  trademark registration are required to certify the following to the USPTO:  "[T]o the

23  best of the verifier's knowledge and belief, no other person has the right to use such

24  mark in commerce either in the identical form thereof or in such near resemblance

25  thereto as to be likely, when used on or in connection with the goods of such other

26  person, to cause confusion, or to cause mistake, or to deceive…" 15 U.S.C. §

27  1051(a) (3)(D).  On information and belief, Defendant Lin, a principal of Defendant

28  Ai Chaug, signed such declaration on record with the USPTO as to the NakedShield

1  mark despite his actual knowledge of the existence of CLK's earlier identical mark

2  on similar goods and in violation of 15 U.S.C. § 1120.  On information and belief,

3  Defendant Yang,  a principal of Defendant Ai Chaug, signed such declaration on

4  record with the USPTO as to the SkinGuardz mark despite his actual knowledge of

5  the existence of CLK's earlier identical mark on similar goods and in violation of 15

6  U.S.C. § 1120.

7          31.    On information and belief, Defendants, in making said representations

8  to the USPTO, intended to deceive the USPTO, and as a consequence, did in fact

9  deceive the USPTO, and were subsequently issued federal trademark registrations

10  that they would not otherwise have been issued but for their intentional

11  misrepresentations and omissions.  On information and belief, Defendants are

12  continuing at this time to engage in this nefarious activity.

13          32.    As a consequence of Defendants' false statements to and/or fraud upon

14  the USPTO, CLK, as well as the consuming public, have been injured and continue

15  to be injured by the USPTO's grant of the aforementioned registrations to

16  Defendants.

17                          **SECOND CLAIM FOR RELIEF**

18  **(Against All Defendants for Cancellation of Federal Trademark Applications**

19                **And Registrations Under 15 U.S.C. § 1119)**

20          33.    CLK repeats, re-alleges and incorporates by reference each and every

21  allegation set forth in all preceding paragraphs as though fully set forth herein.

22          34.    As a result and on account of the alleged false statements and fraud set

23  forth and alleged *infra* in its First Claim for Relief, CLK hereby seeks cancellation of

24  each of Defendants' issued and pending federal trademark applications bearing in

25  whole or part the names NakedShield and SkinGuardz.

26          35.    In the conjunctive or alternative, CLK further seeks cancellation of each

27  of Defendants' issued and pending federal trademark applications bearing in whole

28  or part the names NakedShield and SkinGuardz based upon the separate and

1  independent ground of CLK's continuing prior use of identical marks attached to
2  confusingly similar goods.

### THIRD CLAIM FOR RELIEF

**(Against All Defendants for Trademark Infringement**

**Under 15 U.S.C. § 1125(A)(1)(A) and California Common Law)**

6  36.  CLK repeats, re-alleges and incorporates by reference each and every
7  allegation set forth in all preceding paragraphs as though fully set forth herein.

8  37.  CLK is the sole and lawful owner of valid common law trademarks,
9  NakedShield and SkinGuardz.

10  38.  CLK's NakedShield and SkinGuardz marks qualify for registrability
11  under 15 U.S.C. §§ 1052 and 1053 as inherently distinctive trademarks given that,
12  when viewed independently of the goods they are associated with, they require
13  significant imagination to arrive at the underlying goods, and Defendants needlessly
14  adopted identical marks in association with confusingly similar goods when they
15  could easily have selected from among many other marks and permutations of goods.
16  Alternatively or conjunctively, CLK's marks have, through their continuous and
17  exclusive use in interstate commerce for a period of at least ten (10) years prior to
18  Defendant's registration of the identical NakedShield and SkinGuardz marks,
19  achieved a high level of acquired distinction within the meaning of 15 U.S.C. §
20  1052(f).  CLK's marks also qualify for registrability under Cal. Bus. & Prof. Code §
21  14220 for the same reasons.

22  39.  At no time has CLK authorized Defendants, directly or indirectly, to use
23  or adapt CLK's NakedShield and SkinGuardz marks in connection with any good or
24  service, commercial or otherwise.

25  40.  On information and belief, Defendants' production, sales, and
26  marketing of identical NakedShield and SkinGuardz marks on confusingly similar
27  goods have been and continue to be done willfully and with malice aforethought and
28  wanton disregard and prejudice to the rights of CLK, or else negligently.  As a result,

1   CLK has suffered immeasurable pecuniary, psychological and reputation harm while

2   Defendants continue to reap ill-gotten and unjust gains realized as a result of its illicit

3   actions.

4       41.    Defendants' willful infringement and malice are inferences clearly and

5   irrefutably drawn from the identical nature of Defendants' marks for use on

6   confusingly similar goods. These similarities are too extensive and comprehensive to

7   be the product of mere coincidence.  The inescapable conclusion reached is that

8   Defendants have engaged in a wholesale misappropriation and counterfeiting of

9   CLK's marks, which evidences and underscores a most egregious form of

10   commercial immorality.

11       42.    Accordingly, Defendants have, on or in connection with the use of the

12   confusingly similar NakedShield and SkinGuardz marks, used a term or terms that

13   is/are false or misleading within the meaning of 15 U.S.C. § 1125, so as to cause or

14   likely cause confusion or mistake or deception as to affiliation, connection, or

15   association of Defendants with CLK, or as to origin, sponsorship, or approval of their

16   goods, services, or commercial activities by CLK.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants for Unfair Competition

### Under Cal. Bus. & Prof. Code § 17200)

20       43.    CLK repeats, re-alleges and incorporates by reference each and every

21   allegation set forth in all preceding paragraphs as though fully set forth herein.

22       44.    Defendants have engaged in acts alleged above that constitute

23   unlawful, unfair, and fraudulent business practices prohibited by Business &

24   Professions Code § 17200.

25       45.    Unless restrained by this Court, these Defendants will continue to

26   engage in the acts of unfair competition, as alleged herein, thus tending to render

27   judgment in the instant action ineffectual.  Plaintiff CLK has no adequate remedy at

28   law for the injuries caused by these Defendants' conduct, acts and omissions, and

the general public will be irreparably harmed if such acts and omissions are not enjoined.  Plaintiff is entitled to injunctive relief pursuant to Business & Professions Code § 17203, to prohibit these acts and omissions and/or continued threatened acts of Defendants, to prevent such irreparable harm from happening in the future.

46.    As a result of these Defendants' conduct, acts and omissions, Plaintiff CLK is entitled to equitable restitution of any and all profits, revenues, compensation or other payments obtained by Defendants as a result of their acts of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff CLK respectfully requests that this Court enter an Order granting it the following relief:

1.    Entering a judgment that Defendants' trademark registrations were procured by means of a false or fraudulent representation;

2.    Pursuant to 15 U.S.C. § 1120, awarding any damages to Plaintiff that it sustained and continues to sustain in consequence of Defendants' procurement of its registration by means of a false or fraudulent representation;

3.    Pursuant to 15 U.S.C. § 1119, ordering the Director of the United States Patent and Trademark Office to cancel Defendants' trademark registrations No. 4707334 and No. 4707336;

4.    Entering a judgment that Plaintiff's trademark has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1125(a);

5.    Entering a judgment that Defendants' use of Plaintiff's trademarks constitutes unfair competition in violation of California Business and Professions Code § 17200;

6.    Permanently enjoining and restraining the Defendants and each of their agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the NakedShield and SkinGuardz trademarks, or any other designation alone or in

combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendants' products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's marks;

7.      Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

8.      Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

9.      Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendants any trademark registration for the NakedShield and SkinGuardz trademarks or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with Plaintiff's marks;

10.     Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

11.     Awarding to Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

12.     Awarding treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendants' conduct was willful within the meaning of the Lanham Act;

13.     Awarding statutory damages pursuant to 15 U.S.C. § 1117(c) in an amount (1) not less than $1,000 or more than $200,000 per counterfeit mark per type

of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just;

14.     Awarding Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions; and

15.     Granting Plaintiff such other and further relief as the Court may deem just.

DATED:    June 9, 2015          Respectfully submitted,

LYNBERG & WATKINS


By   /s/  Philip H. Lo
PHILIP H. LO
plo@lynberg.com
NICOLE M. CHARNEY
ncharney@lynberg.com
Attorneys for Plaintiff CLK GROUP, INC.

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff CLK

3  GROUP, INC., respectfully demands a trial by jury on all issues so triable.

4

5  DATED:    June 9, 2015        Respectfully submitted,

6                                    LYNBERG & WATKINS

7

8                                By  /s/  Philip H. Lo

9                                    PHILIP H. LO

                                      plo@lynberg.com

10                                  NICOLE M. CHARNEY

                                    ncharney@lynberg.com

11                                  Attorneys for Plaintiff CLK GROUP, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28